MARY M. KOEHLER, p.p.a.

vs.

HERMAN KOEHLER

Superior Court     New Haven County     File #53526

MEMORANDUM FILED MARCH 28, 1938.

Fred D. Faulkner, of New Haven, for the Plaintiff.

BALDWIN, J.   The plaintiff and the defendant were married to each other on June 3, 1937.   Plaintiff was then a minor, eighteen years old.   Defendant was twenty-two years old.   They had known each other and had kept company together for quite some period of time and had been engaged to marry for a period of two months and were very much attached to each other at the time, according to the testimony of the plaintiff.

At this marriage plaintiff was accompanied by a married sister.   Her parents were not advised of the intended marriage and did not give any oral or written consent thereto.

Application for a marriage license was made on the day of the marriage, June 3, 1937.   On May 25, 1937, application was made to the probate court by the defendant for a decision in writing authorizing the marriage to be celebrated without delay, and on that day the probate court issued its decision that public policy requires the marriage to be celebrated without delay and without complying with the provisions of section 1595c of the Cumulative Supplement to the General Statutes [1935] in regard to blood test.

Plaintiff claims that after the marriage defendant told her the reason which he gave to the probate court in order to secure the written decision from that court hereinbefore referred to and claims that the reason which was given by the defendant was untrue and it made her angry at the defendant and that they had not cohabited as man and wife and that the marriage had never been consummated by such cohabitation.

This marriage was the result of no fraud or deception upon this plaintiff.   She was misled in no way.   For some time she had intended to marry the defendant and the evidence offered provides a basis for the reasonable inference that the

reason given by the defendant upon which the probate court issued its written decision was honestly believed at the time by the parties.

The facts do not present a case in which annulment should be decreed.

Plaintiff's prayers for relief are denied.